**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NELITA MATEO,** | ) | |
| | ) | |
| **Plaintiff,** | ) **No.** | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY COLLEGES OF CHICAGO,** | ) | |
| | ) **JURY TRIAL DEMANDED** | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES Plaintiff, NELITA MATEO ("Mateo"), by and through her attorney, Barry A. Gomberg, and complains against the Defendant, CITY COLLEGES OF CHICAGO, alleges as follows:

### PARTIES

1.    Mateo is a sixty-three (63) year-old resident of the State of Illinois residing in Cook County in Chicago, Illinois 60641.

2.    Defendant is a community college located in the State of Illinois, County of Cook, at 226 West Jackson Blvd., Chicago, Illinois 60606.

### JURISDICTION AND VENUE

3.    The claims against Defendant are for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., national origin (Filipino) and race (Asian, non-African-American) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.

1

4.      Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as this claim arises under the laws of the United States of America.

5.      Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Mateo's residence, the Defendant's business, and the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I – AGE DISCRIMINATION

6.      Mateo re-alleges and incorporates as if fully set forth herein paragraphs 1 though 5 above.

7.      Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Mateo has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the State of Illinois Department of Human Rights ("IDHR"), pursuant to the requirements of the ADEA and the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

8.      Mateo has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

9.      In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

10.     Mateo was hired by Defendant on or about August 2005 as an instructor.

11.     In her position as an instructor, Mateo reported to Alta Williams (Dean) who is approximately thirty-five years old and to Marietta McDuffy, Director of Plaintiff's department, who is approximately fifty years old.

12.     Pierre Hargess, approximately twenty-nine years old, was chosen to take over Mateo's duties at Defendant because of his age.

13.     Williams and McDuffy treated Mateo less favorably than younger employees in that Mateo was not provided the same opportunities by Defendant and her supervisors.

14.     Defendant refused to grant Mateo tenure even though Mateo submitted all of her tenure materials to Defendant.

15.     Mateo was told by McDuffy, prior to Mateo's submission of her tenure materials, that McDuffy was not going to recommend Mateo for tenure.

16.     Pierre Hargess was less tenured and less experienced than Mateo but Hargess was chosen to remain employed by Defendant and Mateo was terminated.

17.     On or about May 16, 2009, Mateo was terminated by Defendant because of her age.

18.     At all times, Plaintiff met the legitimate expectations of her employer.

19.     As a result of Defendant's age based discriminatory conduct, as aforesaid, Mateo has been damaged in her career and has otherwise suffered monetary and non-monetary damage.

WHEREFORE, Plaintiff Nelita Mateo prays for judgment against Defendant as follows:

A.     For damages in an amount equal to Mateo's backpay from May 16, 2009

through the present;

B.    For an award of compensatory damages for Mateo's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.    For reinstatement to her previous position, or in the alternative, for front pay.

D.    For attorney's fees and costs of this suit.

E.    For such other and further relief as is just and equitable.

## COUNT II – ADEA WILLFUL VIOLATION

20.    Mateo re-alleges and incorporates as if fully set forth herein paragraphs 1 – 10 above and paragraphs 6-19 of Count I.

21.    Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Mateo's rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff Nelita Mateo prays for judgment against Defendant as follows:

A.    For liquidated damages in an amount equal to Mateo's actual damages.

B.    For damages in an amount equal to Mateo's backpay from May 29, 2009 through the present;

C.    For an award of compensatory damages for Mateo's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

D.     For reinstatement to her previous position, or in the alternative, for front pay.

E.     For attorney's fees and costs of this suit.

F.     For such other and further relief as is just and equitable.


## COUNT III – TITLE VII – NATIONAL ORIGIN

22.     Mateo re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, paragraphs 6-19 of Count I and paragraphs 20-21 of Count II.

23.     Mateo has filed this cause subsequent to the timely filing of a Charge of Discrimination based on national origin (Filipino, non African-American) with the IDHR and EEOC, attached as Exhibit A, and fully incorporated herein by reference.

24.     Mateo has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B.

25.     In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

26.     Mateo was hired by Defendant on or about August 2005 as an instructor.

27.     In her position as an instructor, Mateo reported to Alta Williams (Dean) who is an African-American woman and to Marietta McDuffy, Director of Plaintiff's department, who is an African American woman.

28.     Pierre Hargess, an African-American, was chosen to take over Mateo's duties at Defendant because of his national origin.

29.     Williams and McDuffy treated Mateo less favorably than African-American employees in that Mateo was not provided the same opportunities by Defendant and her supervisors.

30.     Defendant refused to grant Mateo tenure even though Mateo submitted all of her tenure materials to Defendant.

31.     Mateo was told by McDuffy, prior to Mateo's submission of her tenure materials, that McDuffy was not going to recommend Mateo for tenure.

32.     Pierre Hargess was less tenured and less experienced than Mateo but Hargess was chosen to remain employed by Defendant and Mateo was terminated.

33.     On or about May 16, 2009, Mateo was terminated by Defendant because of her national origin.

34.     At all times, Plaintiff met the legitimate expectations of her employer.

35.     As a result of the Defendant's national origin based discriminatory conduct, as aforesaid, Mateo has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff Nelita Mateo prays for judgment against Defendant as follows:

A.      For damages in an amount equal to Mateo's backpay from May 16, 2009 through the present;

B. For an award of compensatory damages for Mateo's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. For an award of punitive damages;

D. For reinstatement to her previous position, or in the alternative, for front pay.

E. For attorney's fees and costs of this suit.

F. For such other and further relief as is just and equitable

## COUNT IV – TITLE VII -RACE

36. Mateo re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, paragraphs 6-19 of Count I, paragraphs 20-21 of Count II and paragraphs 22-35 of Count III.

37. Mateo has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race (Asian, non black) with the IDHR and EEOC, attached as Exhibit A, and fully incorporated herein by reference.

38. Mateo has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B.

39. In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

40. Mateo was hired by Defendant on or about August 2005 as an instructor.

41.    In her position as an instructor, Mateo reported to Alta Williams (Dean) who is a black woman and to Marietta McDuffy, Director of Plaintiff's department, who is a black woman.

42.    Pierre Hargess, a black man, was chosen to take over Mateo's duties at Defendant because of her race.

43.    Williams and McDuffy treated Mateo less favorably than black employees in that Mateo was not provided the same opportunities by Defendant and her supervisors.

44.    Defendant refused to grant Mateo tenure even though Mateo submitted all of her tenure materials to Defendant.

45.    Mateo was told by McDuffy, prior to Mateo's submission of her tenure materials, that McDuffy was not going to recommend Mateo for tenure.

46.    Pierre Hargess was less tenured and less experienced than Mateo but Hargess was chosen to remain employed by Defendant and Mateo was terminated.

47.    On or about May 16, 2009, Mateo was terminated by Defendant because of her race.

48.    At all times, Plaintiff met the legitimate expectations of her employer.

49.    As a result of the Defendant's race based discriminatory conduct, as aforesaid, Mateo has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff Nelita Mateo prays for judgment against Defendant as follows:

A.      For damages in an amount equal to Mateo's backpay from May 16, 2009 through the present;

B.      For an award of compensatory damages for Mateo's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.      For an award of punitive damages;

D.      For reinstatement to her previous position, or in the alternative, for front pay.

E.      For attorney's fees and costs of this suit.

F.      For such other and further relief as is just and equitable

Respectfully submitted,

NELITA MATEO


By: s/ Barry A. Gomberg
Attorney for Plaintiff

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550